FILED

MAR 25 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   SC-15-1228-FJuKi |
| ) | |
| MARSHALL CASEY PFEIFFER, ) | Bk. No.   13-09062-CL13 |
| ) | |
| Debtor. ) | |
| _____ ) | |
| MARSHALL CASEY PFEIFFER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| DAVID SKELTON, Trustee,[**] ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on March 17, 2016

Filed – March 25, 2016

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Christopher B. Latham, Bankruptcy Judge, Presiding

---

Appearances:   Appellant Marshall Casey Pfeiffer, pro se, on the brief.

---

Before: FARIS, JURY, and KIRSCHER, Bankruptcy Judges.

---

   [*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, see Fed. R. App. P. 32.1, it has no precedential value, see 9th Cir. BAP Rule 8024-1.

   [**] Mr. Skelton did not file an answering brief or otherwise make an appearance in this appeal.

## INTRODUCTION

Chapter 13[1] debtor Marshall Casey Pfeiffer appeals from the bankruptcy court's order granting chapter 13 trustee David Skelton's motion to dismiss. The bankruptcy court determined that Mr. Pfeiffer had failed to make regular plan payments and could not pay off the plan by presenting the Trustee with an invalid promissory note. Mr. Pfeiffer fails to identify any reversible error. Accordingly, we AFFIRM.

## FACTUAL BACKGROUND[2]

Mr. Pfeiffer's chapter 13 plan (the "Plan") required him to make monthly payments of $1,435. Mr. Pfeiffer made Plan payments for approximately one year but then stopped.

The Trustee filed a motion to dismiss Mr. Pfeiffer's case for failure to make Plan payments (the "Motion to Dismiss"). He alleged that Mr. Pfeiffer materially defaulted under the Plan pursuant to § 1307(c)(6) or (8).

In response, Mr. Pfeiffer attached an alleged promissory note stub to his opposition. He argued that the document evidenced the delivery of a promissory note for $54,473.97 (the "Promissory Note") to the Trustee that satisfied his outstanding debt. Mr. Pfeiffer also stated that he transmitted a copy of the Promissory Note receipt to the United States Treasury.

The Promissory Note, supposedly issued the same day as

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[2] Mr. Pfeiffer presents us with a limited record. We have exercised our discretion to review the bankruptcy court's docket, as appropriate. See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.), 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

2

Mr. Pfeiffer's opposition, identifies the issuer as "Marshall Casey Pfeiffer" and the principal as "The United States of America." The Drawee is "United States in behalf of the United States of America," and the Promissory Note is "payable" at "The United States Treasury or at a Bank in the United States." The Promissory Note is "redeemable" at the "Treasury Department of the United States, City of Washington, District of Columbia or at Any Federal Reserve Bank."[3]

At the hearing on the Motion to Dismiss, Mr. Pfeiffer argued that the Promissory Note is legal tender because it is "legally the same as a check or a dollar bill." He contended that he "sent the promissory note to the principal [the United States of America] asking them to pay the debt because the principal is responsible for the debt as the principal of the agency. The principal is the beneficiary and legally responsible for all debts related to the agency that it created."

On July 1, 2015, the court issued its order granting the Motion to Dismiss (the "Order"). It determined that the Promissory Note is not legal tender. It also held that the Promissory Note is invalid, because "[t]here is no indication that Debtor has any standing, capacity, or authority whatever to draw upon the Federal Treasury or bind the United States in any kind of contract." The court concluded that Mr. Pfeiffer failed to make Plan payments, which constituted a material default under

---

[3] Mr. Pfeiffer also attached a document entitled "Purpose of Promissory Note." He stated that the Promissory Note was meant to pay off or discharge any debt as it relates to his bankruptcy case. He contended that the United States of America is the principal liable for payment on the Promissory Note.

3

the Plan, and dismissed the case under § 1307(c)(6).

Mr. Pfeiffer timely appealed the Order.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Whether the bankruptcy court erred in dismissing Mr. Pfeiffer's chapter 13 case for failure to make plan payments.

**STANDARD OF REVIEW**

"We review the bankruptcy court's dismissal of a chapter 13 bankruptcy case under any of the enumerated paragraphs of § 1307(c) for abuse of discretion." Schlegel v. Billingslea (In re Schlegel), 526 B.R. 333, 338 (9th Cir. BAP 2015) (citing Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011)).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." United States v. Hinkson, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court

4

has abused its discretion." USAA Fed. Sav. Bank v. Thacker (In re Taylor), 599 F.3d 880, 887-88 (9th Cir. 2010) (citing Hinkson, 585 F.3d at 1261-62).

**DISCUSSION**

**A.    Section 1307 allows dismissal for cause.**

The bankruptcy court correctly identified the applicable legal rule.  Section 1307(c) allows the bankruptcy court to dismiss a case "for cause." In re Schlegel, 526 B.R. at 339. That section provides:

> (c) Except as provided in subsection (f) of this section, . . . the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including -
>
> . . .
>
> (6) material default by the debtor with respect to a term of a confirmed plan[.]

§ 1307(c)(6).  "The decision to dismiss a chapter 13 case under § 1307(c) is a discretionary decision of the trial court." In re Schlegel, 526 B.R. at 339 (citation omitted)).

"Dismissal under § 1307(c) is a two-step process.  Once the court has determined that cause to dismiss exists, it still must decide what remedial action — what form of dismissal — should be taken. . . ." In re Ellsworth, 455 B.R. at 922 (internal citations omitted); see Nelson v. Meyer (In re Nelson), 343 B.R. 671, 675 (9th Cir. BAP 2006).

**B.    The bankruptcy court did not abuse its discretion in dismissing Mr. Pfeiffer's case for failure to make Plan payments.**

We hold that the court did not err in determining that Mr. Pfeiffer failed to make his Plan payments and that his

5

default constituted cause for dismissal.

Mr. Pfeiffer contends that the Promissory Note constituted legal tender that satisfied the Plan in full. Mr. Pfeiffer is wrong on two counts.

First, the Promissory Note is not legal tender. As the bankruptcy court pointed out, legal tender for debts include "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks)." 31 U.S.C. § 5103. Black's Law Dictionary defines "currency" as "[a]n item (such as a coin, government note, or banknote) that circulates as a medium of exchange." Black's Law Dictionary (10th ed. 2014). Mr. Pfeiffer's Promissory Note fits none of these definitions. It is not coin or paper currency, nor is it issued by a bank or the federal government. Rather, it was unilaterally created and executed by Mr. Pfeiffer.

Second, Mr. Pfeiffer presents no evidence that he is entitled to draw upon the United States Treasury. He identifies himself as an "Agent" of Marshall Casey Pfeiffer, "in behalf of for the Principal United States of America." He claims that "the principal is responsible for the debt as the principal of the agency. The principal is the beneficiary and legally responsible for all debts related to the agency it created." He fails to offer any argument or authority explaining how he has become an agent of the United States with the power to require the United States to pay his debt.[4]

---

[4] Mr. Pfeiffer argues that the United States government and the California state government did not object to any of his acts
(continued...)

6

Accordingly, the court did not abuse its discretion in holding that the Promissory Note cannot cure Mr. Pfeiffer's Plan payment arrears.[5] Due to Mr. Pfeiffer's failure to make Plan payments, the court properly found cause to dismiss Mr. Pfeiffer's case under § 1307(c)(6).[6]

**CONCLUSION**

For the reasons set forth above, we conclude that the bankruptcy court did not abuse its discretion in dismissing Mr. Pfeiffer's case. Accordingly, we AFFIRM.

---

[4](...continued)
or otherwise challenge his argument. However, neither the federal government nor state government is a party to this case.

[5] We further reject Mr. Pfeiffer's argument that Judge Christopher B. Latham either represented the Trustee or gave testimony at the hearing on the Motion to Dismiss. Nothing in the record indicates that the judge either acted as counsel for the Trustee or testified at the hearing.

[6] Neither the parties nor the bankruptcy court discussed the second prong of the Ellsworth analysis, and Mr. Pfeiffer does not raise any error concerning the second prong in his opening brief. As such, we do not address it on appeal. Cf. In re Ellsworth, 455 B.R. at 923 ("even though the bankruptcy court ordinarily would be expected to consider alternatives to dismissal with prejudice, the [debtor's] silence thwarted that task").

7